**WO**

RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Kenneth Allmon, | No. CV 06-981-PCT-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Gary Butler, et al., | |
| Defendants. | |

On April 6, 2006, Plaintiff Richard Kenneth Allmon, confined in the Arizona State Prison Complex (ASPC)-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  Plaintiff did not pay a filing fee, but filed with the Complaint an Application to Proceed *In Forma Pauperis* on an outdated form.

By Order filed July 3, 2006 (Doc. #5), Plaintiff's Application to Proceed *In Forma Pauperis* was denied and Plaintiff was given 30 days from the filing date of the Order to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis* on a current, court-approved form and a trust account statement for the six-month period preceding the filing of the Complaint.  On August 3, 2006, Plaintiff filed a "Motion For Extension Of Time" (Doc. #6), that the Court granted by Order filed August 16, 2006 (Doc. #7).  Plaintiff was given 30 days from the filing date of the Order to either pay the filing fee or file a new Application to Proceed *In Forma Pauperis* and a trust account statement for the six-month period preceding the filing of the Complaint.

JDDL-K

- 1 -

On September 11, 2006, Plaintiff filed an uncertified Application to Proceed *In Forma Pauperis* (Doc. #8), which included a print-out of Plaintiff's Inmate Bank Account.  By Order filed October 2, 2006 (Doc. #9), Plaintiff's deficient Application to Proceed was denied without prejudice and Plaintiff was given 30 days to either pay the fee or file a new Application to Proceed and a certified copy of his trust fund account statement from the Central Office of the Arizona Department of Corrections for the six months immediately preceding the filing of the Complaint.

## I.    Supplement to Application to Proceed *In Forma Pauperis* and Filing Fee

On October 13, 2006, Plaintiff filed a "Supplement To Application To Proceed *[In Forma Pauperis]*" (Doc. #10) which includes a new, certified Application to Proceed *In Forma Pauperis* and an uncertified print-out of his "Inmate Bank Account" at ASPC-Tucson. Although Plaintiff did not obtain the copy of his trust fund account statement from the Central Office of the Arizona Department of Corrections, the Court will overlook this deficiency in the interest of justice and in moving this case forward.  Accordingly, Plaintiff's "Supplement To Application To Proceed [*In Forma Pauperis*]" (Doc. #10) will be granted. 28 U.S.C. § 1915(a).

Plaintiff must pay the statutory filing fee of $250.00.[1]  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against

---

[1]Plaintiff filed his Complaint just prior to the effective date of the filing fee increase from $250.00 to $350.00.

1   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4   be granted, or that seek monetary relief from a defendant who is immune from such relief.

5   28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

6   allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

7   before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

8   (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be

9   saved" but not if a complaint "lacks merit entirely."  Id. at 1129.  The Court therefore should

10  grant leave to amend if the pleading could be cured by the allegation of other facts or if it

11  appears at all possible that the defect can be corrected.  Id. at 1130.

12       The Court should not, however, advise the litigant how to cure the defects.  This type

13  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

14  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

15  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

16  will be dismissed for failure to state a claim, with leave to amend because the Complaint may

17  possibly be saved by amendment.

18  **III.   Complaint**

19       Plaintiff alleges three counts in his Complaint.  In Count I, Plaintiff claims that his

20  rights have been violated by being denied access to adequate medical care, by being housed

21  in an unfit steel container with unsanitary conditions in the toilet and shower area, by the lack

22  of adequate recreation, by the lack of adequate dental care, and by being denied a special diet

23  tray 80% of the time.  In Count II, Plaintiff claims that his rights of access to freedom of

24  religion and speech have been violated by being denied outdoor recreation for up to 10 days,

25  by not being allowed to attend religious services or to talk to a pastor regarding life-

26  threatening family medical emergencies, and by being threatened with lock-down and the

27  possibility of being shot with a Taser gun.  In Count III, Plaintiff claims that he has been

28

**JDDL-K**

- 3 -

"totally denied hot food trays" and from time to time has been subjected to total disrespect by Detention Officers.

Named as Defendants in the Complaint are:  (1) Gary Butler, Navajo County Sheriff; (2) Reynolds, Jail Commander, Navajo County Detention Center; (3) Michael Duran, Jail Lieutenant, Navajo County Detention Center; and (4) Isaacs, Sergeant, Navajo County Detention Center.

Plaintiff seeks the condemnation and destruction of a housing unit at the Navajo County Detention Center and general, compensatory and punitive monetary damages.

**IV.    Failure to State a Claim**

    **A.    Count I**

In Count I of the Complaint, Plaintiff claims that his rights have been violated by being denied access to adequate medical care, by being housed in an unfit steel container with unsanitary conditions in the toilet and shower area, by the lack of adequate recreation, by the lack of adequate dental care, and by being denied a special diet tray 80% of the time. Plaintiff alleges that Count I involves the issue of medical care.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a constitutional right.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*).  Plaintiff has failed to allege the violation of a specific constitutional right in Count I.

In general, a pretrial detainee is protected from punishment without due process under the Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the Eighth Amendment provides a minimum standard of care for determining a plaintiff's rights as a pretrial detainee.  Anderson v. Kern, 45 F.3d 1310, 1312-313 (9th Cir. 1995) (citing Redman v. County of San Diego, 942 F.2d 1435, 1442 (9th Cir. 1991)). To prevail on an unconstitutional conditions claim under an Eighth Amendment standard of care, a plaintiff, whether a pretrial detainee or a convict, must show that defendants were "deliberately

1    indifferent" to the alleged constitutional violations.  Redman, 942 F.2d at 1443; Wilson v.

2    Seiter, 501 U.S. 294, 302-03 (1991).

3           The specific inquiry with respect to pretrial detainees is whether the prison conditions

4    amount to "punishment" without due process in violation of the Fourteenth Amendment.

5    Bell, 441 U.S. at 535.  With regard to providing pretrial detainees with such basic necessities

6    as food, living space, and medical care, the minimum standard allowed by the Due Process

7    Clause is the same as that allowed by the Eighth Amendment for convicted persons.  Hamm

8    v. Dekalb County, 774 F.2d 1567, 1574 (9th Cir. 1985).  To comply with the Eighth

9    Amendment's prohibition against cruel and unusual punishment, a prison must provide

10   prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal

11   safety."  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  However, this does not

12   mean that federal courts can, or should, interfere whenever prisoners are inconvenienced or

13   suffer de minimis injuries.  See Bell, 441 U.S. at 539 n.21 (noting that a de minimis level of

14   imposition does not rise to a constitutional violation).

15          To state a § 1983 medical claim, a plaintiff must show that the defendants acted with

16   "deliberate indifference to his serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106

17   (1976).  Deliberate indifference may occur if "prison officials deny, delay or intentionally

18   interfere with medical treatment."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.

19   1988).  However, a mere delay in medical care, without more, is insufficient to state a claim

20   against prison officials for deliberate indifference.  May v. Enomoto, 633 F.2d 164, 167 (9th

21   Cir. 1980); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

22   1985).

23          The indifference must be substantial.  Estelle, 429 U.S. at 105-06.  The  action must

24   rise to a level of "unnecessary and wanton infliction of pain."  Id. at 106.  Further,

25   differences in judgment between an inmate and prison medical personnel regarding

26   appropriate medical diagnosis or treatment are not enough to state a deliberate indifference

27   claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

28

JDDL-K                                                    - 5 -

1    Mere claims of "indifference," "negligence," or "medical malpractice" do not support

2    a claim under 42 U.S.C. § 1983.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th

3    Cir. 1980).   Not every claim by a prisoner that he has not received adequate medical

4    treatment states a violation of the Eighth Amendment.

5    "[A]cting or failing to act with deliberate indifference to a substantial risk of serious

6    harm to a prisoner is the equivalent of recklessly disregarding that risk."  Farmer v. Brennan,

7    511 U.S. 825, 836 (1994).   "[A] prison official may be held liable under the Eighth

8    Amendment for denying humane conditions of confinement only if he knows that inmates

9    face a substantial risk of serious harm and disregards that risk by failing to take reasonable

10   measures to abate it."  Id. at 847.  "[P]rison officials who actually knew of a substantial risk

11   to inmate health or safety may be found free from liability if they responded reasonably to

12   the risk, even if the harm ultimately was not averted."  Id. at 844.

13   For pretrial detainees, the Due Process Clause of the Fourteenth Amendment, rather

14   than the Eighth Amendment prohibition against cruel and unusual punishment, would apply

15   to a medical claim.  See Bell, 441 U.S. at 535-37; Jones v. Johnson, 781 F.2d 769, 771 (9th

16   Cir.1986).  However, in general, the Court borrows from Eighth Amendment jurisprudence

17   when analyzing the rights of pre-trial detainees.  See Redman, 942 F.2d at 1443; Cabrales

18   v. County of Los Angeles, 864 F.2d 1454, 1461 n. 2 (9th Cir.1988) (subsequent history

19   omitted).

20   Plaintiff has not alleged in Count I that either the Eighth or Fourteenth Amendment

21   has been violated.  Accordingly, Count I of the Complaint will be dismissed for failure to

22   state a claim upon which relief may be granted.

23   **B.    Count II**

24   In Count II of the Complaint, Plaintiff claims that his rights of access to freedom of

25   religion and speech have been violated by being denied outdoor recreation for up to 10 days,

26   by not being allowed to attend religious services or to talk to a pastor regarding life-

27   threatening family medical emergencies, and by being threatened with lock-down and the

28

JDDL-K                                                    - 6 -

possibility of being shot with a Taser gun.  Plaintiff alleges that Count II involves the issue of retaliation.  Again, Plaintiff has failed to allege the violation of a specific constitutional right in Count II and, therefore, has failed to state a claim upon which relief may be granted.

"A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline."  Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994).  Thus, to succeed on the merits of a retaliation claim, a prisoner must demonstrate that he was retaliated against for exercising his constitutional rights, and he must also demonstrate that the retaliatory action does not advance a legitimate penological goal, or is not narrowly tailored to achieve that goal.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff has not alleged in Count II that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance a legitimate penological goal.  Accordingly, Count II of the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

Even if the Court were to construe Count II as involving the issue of the exercise of religion, instead of retaliation as Plaintiff has indicated, Plaintiff would still not have stated a claim.  To state a First Amendment free exercise of religion claim, a plaintiff must allege that a defendant burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests.  Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997); Bryant v. Gomez, 46 F.3d 948 (9th Cir. 1995) (per curiam).  This interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.  Bryant, 46 F.3d at 948.  Even if governmental action burdens the practice of a prisoner's religion, the action is still valid if it is reasonably related to legitimate penological interests.  Turner v. Safley, 482 U.S. 78, 89 (1987).

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519

1   (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board

2   of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,

3   612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint

4   may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d

5   at 268.

6       Plaintiff's allegations in Count II with regard to the exercise of religion are both

7   conclusory and vague.  Plaintiff alleges that he was never allowed to attend religious services

8   or to talk to a pastor regarding life-threatening family medical emergencies.  However, he

9   does not allege what religion he subscribes to or how he was prevented him from engaging

10  in conduct mandated by his faith without any justification reasonably related to legitimate

11  penological interests.

12      **C.   Count III**

13      In Count III of the Complaint, Plaintiff claims that he has been "totally denied hot

14  food trays" and from time to time has been subjected to total disrespect by Detention

15  Officers.  Plaintiff alleges that Count III involves the issue of retaliation.  Plaintiff has failed

16  to allege the violation of a specific constitutional right in Count III and, therefore, has failed

17  to state a claim upon which relief may be granted.

18      Although Plaintiff alleges in Count III that Sergeant John Nabors threatened to use

19  extreme force and to use his 50,000-volt Taser gun on him merely because he chose to

20  exercise his available right through the Inmate Grievance System regarding receiving a diet

21  sack lunch at night, Plaintiff has not named Sergeant Nabors as a defendant in this action.

22      Accordingly, Count III of the Complaint will be dismissed for failure to state a claim

23  upon which relief may be granted.

24  **V.   Allegation of More Than One Claim Per Count**

25      All civil rights complaints filed by prisoners in this Court must be in accordance with

26  the instructions provided with the court-approved complaint form.  See LRCiv 3.5(a).

27  Specifically, the instructions provide that a plaintiff **"may allege the violation of only one**

28

JDDL-K                                          - 8 -

**civil right per count.”** <u>See</u> Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona Form, at 4 (emphasis in original); <u>see also</u>, Complaint form at 3, 4 and 5 ("Identify the issue involved.  Check **only one**.  State additional issues in separate counts").  Plaintiff's Counts I, II, and III each allege more than one claim and issue.

## VI.    Dismissal of Complaint With Leave to Amend

Because no claims now remain, the Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff will have 30 days from the filing date of this Order to submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for his first amended complaint.

Plaintiff must clearly designate on the face of the document that it is a "First Amended Complaint."  Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

In any amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this claim).  <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987); <u>see</u> <u>Monell v. New York City</u>

1  Department of Social Services, 436 U.S. 658, 691 (1978).

2      Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff

3  fails to affirmatively link the conduct of each named defendant with the specific injury

4  suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a

5  claim. Conclusory allegations that a defendant or group of defendants have violated a

6  constitutional right are not acceptable and will be dismissed.

7      An amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963

8  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

9  1546 (9th Cir. 1990). After amendment, the original Complaint will be treated as

10  nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original

11  Complaint is waived if it is not raised in the first amended complaint. King, 814 F.2d at 567.

12  **VII.   Warnings**

13      **A.   Release**

14      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

15  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

16  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

17  in dismissal.

18      **B.   Address Changes**

19      Plaintiff must file and serve a notice of a change of address 10 days before the move

20  is effective, if practicable. See LRCiv 83.3(d). Plaintiff may not include a motion for other

21  relief with a notice of change of address. Failure to comply may result in dismissal.

22      **C.   Copies**

23      Plaintiff must submit an additional copy of every document that he files for use by the

24  Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without

25  further notice to Plaintiff.

26      **D.   Possible "Strike"**

27      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

28

JDDL-K

- 10 -

to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's "Supplement To Application To Proceed *[In Forma Pauperis]*" (Doc. #10) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $250.00 filing fee and is not assessed an initial partial filing fee.

(3)   The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has 30 days from the date this Order is filed to file a first amended complaint that complies with this Order.

(4)   **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **must**, without further notice, **enter** a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

//

//

//

1    (5)    The Clerk of Court **must provide** to Plaintiff a current, court-approved form

2  for filing a civil rights complaint by a prisoner and a copy of the Complaint (Doc. #1).

3    DATED this 27th day of April, 2007.

4

5

6

7    Mary H. Murguia
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:      **OR**      <u>Tucson Division</u>:
U.S. District Court Clerk                                 U.S. District Court Clerk
U.S. Courthouse, Suite 130                          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10        405 West Congress Street
Phoenix, Arizona  85003-2119                   Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

Name and Prisoner/Booking Number
_____

Place of Confinement
_____

Mailing Address
_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,     )
(Full Name of Plaintiff)                )
                        Plaintiff,      )
                                        )
              vs.                       )   **CASE NO.** _____
                                        )          (To be supplied by the Clerk)
(1) _____ ,     )
(Full Name of Defendant)                )
                                        )
(2) _____ ,     )
                                        )       **CIVIL RIGHTS COMPLAINT**
(3) _____ ,     )             **BY A PRISONER**
                                        )
(4) _____ ,     )
                                        )   ☐ Original Complaint
                        Defendant(s).   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation

☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                        ☐ Yes      ☐ No

b.   Did you submit a request for administrative relief on Count I?                        ☐ Yes      ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?             ☐ Yes      ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
　　　　　　　　　　DATE                                                SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.